IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02323

RONALD J. HEALY,
Plaintiff,

v.

THUNDERBIRD PETROLEUM PRODUCTS, LLC,
a Colorado limited liability company, and
LANE STUM, an individual,
Defendants

# COMPLAINT

Plaintiff Ronald J. Healy ("Healy"), by and through undersigned counsel, files this Complaint against Defendants Thunderbird Petroleum Products, LLC ("Thunderbird"), a Colorado limited liability company, and Lane Stum, an individual, and states as follows:

## STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act" or "CWCA"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order") contain various rules regarding employee wages and hours. Defendants violated these laws by failing to (a) pay Healy at the applicable overtime rate for all hours that he worked over 40 hours in each workweek, and (b) provide Healy with paid breaks of 10 minutes each for every four hours he worked. This action seeks to recover backpay and statutory damages to compensate Healy for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Healy is an individual and resident of the State of Wyoming.

3. Thunderbird is organized under the laws of Colorado with its place of business located at 332 State Highway 96, Sheridan Lake, CO 81071.

4. Defendant Lane Stum ("Stum"), an individual, is the President of Thunderbird, and is a resident of the State of Colorado.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §§ 207(a), 216(b) and §1331.

6. Jurisdiction over Healy's state law claims is based upon 28 U.S.C. § 1367 because they are so related to his FLSA claim that they form part of the same case or controversy.

7. Defendants are subject to personal jurisdiction in Colorado because they conduct substantial business in this state and the acts and omissions alleged herein occurred in this state.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

9. Thunderbird is part of the Thunderbird Companies, comprised of Thunderbird Petroleum Products, LLC, and Thunderbird Livestock & Land, Inc. Together, the Thunderbird Companies include a farm that grows grain crops, a

commercial farming and agricultural supply business, an automotive parts and repair business, and a small convenience store.

10. Thunderbird's "Bumper to Bumper" parts store/service center offers services including tire repair, vehicle repairs, windshield repairs, oil changes, agricultural equipment repairs, welding services, and fuel transport. It also sells waste oil-fired furnaces, and parts and service for the maintenance and operation of those items.

11. Due in part to its location immediately adjacent to Colorado's border with Kansas, Thunderbird sells products and services to citizens and businesses of both states. It is therefore engaged in interstate commerce.

12. Thunderbird employed Healy from August 2013 to February 6, 2020.

13. Healy worked in Thunderbird's Bumper-to-Bumper parts store/service center. He performed all duties related to the store, including inventory, retail parts sales, invoicing, and marketing and sales of the waste oil-fired furnaces.

14. In addition to his duties in the store, Thunderbird also required Healy to perform some duties in the automotive repair shop.

15. Healy did not supervise any other employees.

16. At all times, Healy was the sole employee in the store. When he was working, there were no other employees present.

17. Thunderbird did not provide Healy with any paid breaks while he worked.

18. Healy regularly ate his lunch in the store, while working on the clock.

19. Healy had no ability, or permission from Thunderbird, to take any paid breaks while he was working.

20. Due in part to Thunderbird's location immediately adjacent to Colorado's border with Kansas, and its sales and services to citizens and businesses of both states, Healy performed duties directly related to interstate commerce.

21. Healy worked under the supervision and management of Stum.

22. Stum was directly responsible for Thunderbird's payroll and timekeeping practices, including all aspects of Thunderbird's payment of Healy's wages.

23. Healy worked approximately 50 hours per week (100 hours per biweekly pay period), on average.

24. Beginning in approximately July or August of 2015, Thunderbird required Healy to record all of his hours worked via an electronic timeclock.

25. For most of his employment, Thunderbird paid Healy a salary of $1,523.08 per bi-weekly pay period.

26. However, for some pay periods when Healy worked fewer than 50 hours per week, Thunderbird paid Healy an hourly wage rate of $15.23/hour.

27. Thunderbird derived the hourly wage rate that it paid Healy by dividing his bi-weekly salary amount of $1523.08 by the figure 100, for the number of hours.

28. When Thunderbird paid Healy by the hour, his pay "stub" stated the number of recorded hours he had worked. This figure was obtained from the timeclock.

29. On several occasions, Healy and another employee believed that their recorded timeclock hours were not accurate.

30. Healy also sometimes requested corrections to his timeclock records in order to include additional time that he worked "off-clock" performing authorized work for Thunderbird.

31. Thereafter, Healy began compiling his own records of his hours worked via an application on his smart phone.

32. Regardless of whether it paid him by salary or hourly, Thunderbird never paid Healy at the applicable overtime rate for any of the hours he worked in excess of forty (40) hours per workweek.

33. Thunderbird provided Healy with a pay "stub" for each bi-weekly payroll check that stated the amount of his earned gross wages and applicable payroll tax deductions for each pay period.

34. For those pay periods when Thunderbird paid him at the hourly wage rate, the number of hours Healy worked according to his pay "stub" is less than the actual number of hours that he actually worked.

35. In addition to paying his wages via biweekly payroll check, throughout Healy's employment, Thunderbird also paid $750 per month to Faithwalk Farms, Inc., as rent for Healy's nearby residence in Towner, Colorado.

36. Faithwalk Farms, Inc., is a Stum family farm in Towner.

37. Stum is the registered agent for Faithwalk Farms, Inc. Upon information and belief, Stum is the owner or part-owner of that business entity.

38. Stum owns the house that served as Healy's residence during his employment.

39. Thunderbird's payments of Healy's rent constituted an additional form of wage compensation for his employment.

40. The amounts of Thunderbird's payments of Healy's rent must be included in the determination of his effective weekly wage rate, for purposes of calculating any amount(s) of earned but unpaid overtime wages to which Healy is entitled in this matter.

## FIRST CLAIM FOR RELIEF

**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

41. Healy incorporates by reference all of the above paragraphs.

42. At all relevant times, Defendants were "employers" within the meaning of the FLSA.

43. At all relevant times, Defendants employed Healy, a non-exempt employee.

44. At all relevant times, Thunderbird was an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. It engaged in the production of goods for interstate commerce, and/or worked on goods or materials that had been moved in or produced for interstate commerce.

45. Upon information and belief, at all relevant times, Thunderbird had gross volume of sales of at least $500,000 annually.

46. While employed by Defendants, Healy was individually engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

47. Healy was not a member of Thunderbird's management, and was not an executive employee.

48. Healy's work duties did not include the performance of office or non-manual work directly related to Thunderbird's management or general business operations of Thunderbird or its customers.

49. Healy's primary work duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

50. Thus, Healy's work duties did not qualify for any authorized exemption from the overtime requirements of the FLSA.

51. Thunderbird did not pay Healy at the overtime rate for hours he worked more than 40 in each workweek.

52. As a result of the foregoing conduct, as alleged, Defendants violated the FLSA, 29 U.S.C. §§ 207(a).

53. Defendants' violation of the FLSA was committed knowingly, willfully and with reckless disregard of applicable law.

54. Pursuant to the FLSA, 29 U.S.C. § 216(b), Defendants are liable to Healy for the amount of his unpaid overtime compensation, plus an additional equal amount as liquidated damages; plus reasonable attorneys' fees, costs, and disbursements of this action.

55. Pursuant to the FLSA, 29 U.S.C. § 255(a), Defendants are liable to Healy for their violations of the statute for the period of three years preceding the date of the filing of this Complaint.

## SECOND CLAIM FOR RELIEF

**Violation of the Colorado Minimum Wage Order, 7 Colo. Code Regs. §1103-1 and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.***

**Failure to pay overtime**

56. Healy incorporates by reference all of the above paragraphs.

57. At all relevant times, Thunderbird was an "employer" as defined, and operated a business whose compensation of its employees was regulated, by the Minimum Wage Order, section 2(A).

58. Per the Minimum Wage Order, Thunderbird was required to pay Healy time and one-half of the regular rate of pay for any work in excess of forty (40) hours per workweek. *Id.*, section 4.

59. Healy was not a member of Thunderbird's management, and was not an executive employee or a supervisor.

60. Healy's work duties did not include the performance of office or non-manual work directly related to Thunderbird's management or general business operations of Thunderbird or its customers.

61. Healy's primary work duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

62. Thus, Healy's work duties did not qualify for any authorized exemption from the overtime requirements of the Minimum Wage Order.

63. Thunderbird did not pay Healy at the overtime rate for hours he worked more than 40 in each workweek.

-9-

64. As a result of the foregoing conduct, as alleged, Thunderbird violated the Wage Order.

65. Colo. Rev. Stat. § 8-6-118 provides that an employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage.

66. For purposes of this claim, Healy's "legal minimum wage" was the amount of his overtime rate of pay (one and a half times his applicable hourly wage rate (either as paid by Thunderbird, or as derived by calculation from his salary via the fluctuating workweek method).

67. Pursuant to the Minimum Wage Act, and the Minimum Wage Order, section 18, Thunderbird is liable to Healy for the amount of his unpaid overtime wages, plus reasonable attorneys' fees, costs, and disbursements of this action.

68. Thunderbird is liable to Healy for his unpaid overtime wages for the period of six (6) years preceding the date of the filing of this Complaint. *Sobolewski v. Boselli & Sons, LLC,* 342 F. Supp. 3d 1178, 1187-89 (D. Colo. Sep. 21, 2018).

### THIRD CLAIM FOR RELIEF

**Violation of the Colorado Minimum Wage Order, 7 Colo. Code Regs. §1103-1 and the Colorado Minimum Wage Act, C.R.S. § 8-6-101,** *et seq.*

**Failure to provide paid rest breaks**

69. Healy incorporates by reference all of the above paragraphs.

70. Thunderbird was required to authorize and permit Healy paid ten (10) minute rest periods for each four (4) hours or major fractions thereof that he worked. Wage Order, section 8.

71. Thunderbird's failure to provide Healy with the required paid rest breaks deprived him of earned wages for each of those periods.

72. Pursuant to the Minimum Wage Act, and the Minimum Wage Order, Thunderbird is liable to Healy for the amount of his earned wages related to the rest breaks of which Thunderbird deprived Healy. *See Sanchez et al. v. Front Range Transportation*, No. 17-cv-00579-RBJ, 2017 U.S. Dist. LEXIS 150069, 2017 WL 4099896 (D. Colo. Sep. 15, 2017).

73. Defendants are liable to Healy for the amounts of his earned wages related to the rest breaks of which Thunderbird deprived Healy for the period of six (6) years preceding the date of the filing of this Complaint. *Sobolewski v. Boselli & Sons, LLC,* 342 F. Supp. 3d 1178, 1187-89 (D. Colo. Sep. 21, 2018).

### FOURTH CLAIM FOR RELIEF

**Violation of the Colorado Wage Claim Act,§ 8-4-101, *et seq.***

74. Healy incorporates by reference all of the above paragraphs.

75. At all relevant times, Thunderbird was an "employer" within the meaning of the Wage Claim Act.

76. At all relevant times, Thunderbird employed Healy as an "employee" within the meaning of the Wage Claim Act.

77. As a result of the foregoing conduct, as alleged, Thunderbird failed to pay Healy all of his earned wages due to him under the Wage Claim Act.

78.     As a result of the foregoing conduct, as alleged, Thunderbird also failed to pay Healy all of his earned wages due to him under the Minimum Wage Order and the Minimum Wage Act.

79.     As a result of the foregoing conduct, as alleged, Thunderbird also failed to pay Healy all of his earned wages due to him under the FLSA, thereby violating, the Wage Claim Act.

80.     Thunderbird committed these violations knowingly, willfully, and with reckless disregard of applicable law.

81.     Thunderbird is liable to Healy for the amount of his earned but unpaid regular and overtime wages, plus reasonable attorneys' fees, costs, and disbursements of this action.

### **WAGE DEMAND TO DEFENDANT THUNDERBIRD:**

As provided by the Wage Claim Act, Colo. Rev. Stat. § 8-4-109, Healy hereby demands that Thunderbird tender the following payments to him:

(a)     an amount constituting all earned but unpaid wages for overtime hours Healy worked, for a period of three (3) years preceding the filing of this Complaint. Based on the information currently available to him, Healy estimates this amount as $18,708.47.

(b)     an amount of additional wages constituting the total amount of time Healy was entitled to, but not provided with, paid ten-minute breaks for each four-hour period he worked, for a period of six (6) years preceding the date of the filing of this

Complaint. Based on the information currently available to him, Healy estimates this amount as $10,440.15.

Such payments can be made care of undersigned counsel. If Thunderbird fails to tender payment to Healy of the amounts of his earned but unpaid wages, Healy will be entitled to the award of penalties as prescribed by the statute, including an additional penalty for willful nonpayment.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Healy respectfully requests that the Court enter judgment in favor of himself and against Defendants as follows:

1. Damages pursuant to the FLSA in the amount of Healy's unpaid overtime wages for the period of three (3) years preceding the date of the filing of this Complaint.

2. Pursuant to the FLSA, an additional equal amount of liquidated damages

3. Pursuant to the Minimum Wage Act and Minimum Wage Order, damages in the amount of Healy's unpaid overtime wages for the period of six (6) years preceding the date of the filing of this Complaint.

4. Pursuant to the Minimum Wage Act and Minimum Wage Order, damages in the amount of earned wages that Healy was deprived of due to Thunderbird's failure to provide him with paid rest breaks, for the period of six (6) years preceding the date of the filing of this Complaint;

5. The employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes on any amount(s) of damages constituting wages;

-13-

6. If the wage payments demanded above are not tendered within 14 days of its receipt of this Complaint, statutory penalties as prescribed by the Wage Claim Act;

7. An additional amount of statutory penalties for willful nonpayment of wages following the demand, as prescribed by the Wage Claim Act;

8. An award of reasonable attorney fees and costs in this matter; and

9. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of August 2020.

*/s/ Gary M. Kramer*
Gary M. Kramer
Gary Kramer Law, LLC
1465 Kelly Johnson Blvd, Suite 210
Colorado Springs, CO 80920
Phone 719-694-2783
Fax 719-452-3622
gary@garykramerlaw.com
Attorney for Plaintiff Ronald J. Healy